

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2002

# Canullas v. Quay Corp

Precedential or Non-Precedential:

Docket No. 01-2470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Canullas v. Quay Corp" (2002). *2002 Decisions.* Paper 234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2470


SIMEON CANULLAS;
FRANCISCO CANULLAS, SR.,

Appellants


v.


QUAY CORPORATION


Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cv-02521)
District Judge: Honorable William G. Bassler


Submitted Under Third Circuit LAR 34.1(a)
January 15, 2002

Before: ALITO and ROTH, Circuit Judges
SCHWARZER*, District Judge

(Opinion filed April 2, 2002 )



* Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.



OPINION



ROTH, Circuit Judge:

Appellants, Simeon Canullas and Francisco Canullas, appeal from a final order of
the United States District Court for the District of New Jersey granting Quay
Corporation's motion for summary judgment. The District Court had federal question
jurisdiction as the action arose under ERISA. See 28 U.S.C. 1331. We have appellate
jurisdiction pursuant to 28 U.S.C. 1291. We exercise plenary review over a grant of a
motion for summary judgment. See Northview Motors, Inc. v. Chrysler Motors Corp.,
227 F.3d 78, 87-88 (3d Cir. 2000) (citing Seibert v. Nusbaum, Stein, Goldstein,
Bronstein & Compeau, 167 F. 3d 166, 170 (3d Cir. 1999) and Petruzzi's IGA
Supermarkets, Inc. v. Darling-Delaware Co., 998 F 2d 1224, 1230 (3d Cir. 1993)). In
our review of the grant of summary judgment, we apply the same test that the District
Court utilized, viewing inferences from the evidence in a light most favorable to the

nonmoving party.  Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).   A court can only grant summary judgment when the submissions in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c).

The District Court determined that both of the arguments presented by the Canullases failed and granted Quay's motion for summary judgment.  We will affirm.

The Canullases raise two issues in their appeal:  (1) the District Court erred in finding that the Canullases were not in effect "full-time" employees, and thus "plan participants" who would be protected by ERISA's nondiscrimination provisions for their employment benefits; and (2) the District Court erred in finding that Francisco Canullas, Sr., did not work more than forty hours in a week and should not have been paid overtime.

Section 1132(a)(1)(B) of ERISA provides that:

> A civil action may be brought
> (1) by a participant or beneficiary
> (A) to recover benefits due to him under the terms of his plan, enforce his rights under the terms of the plan, or to clarify his rights to further benefits under the terms of the plan.

29 U.S.C.   1132.

Only full-time employees of Quay are entitled to benefits under the Quay Plan. According to the 1995 Quay Handbook, a full-time employee is defined as "one who has satisfactorily completed a probationary period and is performing the duties of a full-time job in the company and is entitled to all company benefits and privileges as outlined in this document." A part-time employee is "an employee who is hired for work which requires part of the day or part of the week, on a regular or irregular schedule and is not eligible for company benefits."

The Canullases worked for Quay as full-time employees, receiving health benefits, from August 1989 until May 1991 when they were laid off.  Quay informed the Canullases that their benefits had ceased at the time of layoff.  The Canullases returned to work for Quay in July 1991, agreeing that they would be part-time employees with no health benefits.  Quay again laid the Canullases off in July 1992.  The Canullases returned to work in August 1992, again agreeing to the terms of part-time employment, and were laid off in October 2000.

The District Court found that because of the irregular, nonuniform work schedule throughout the ten-year period, 1991-2000, the Canullases were not full-time employees and therefore, not plan participants.  The Court correctly stated, "while Plaintiffs may have worked forty hour work weeks, they did so irregularly."  For that reason, the District Court held that the Canullases cannot assert a cause of action under   1132 ERISA.

The second issue is whether the District Court erred in finding that Francisco Canullas did not work more than forty hours in a week and should not have been paid overtime pursuant to the FLSA and NJ Wage Act.  Francisco contends that Quay did not pay him the required time and one-half overtime on two occasions in 1998.   Francisco claims that he was paid at the regular time rate for 81.75 hours of work for the pay period ending May 3, 1998 and for 88 hours of work for the pay period ending July 12, 1998. Quay explains, however, that Francisco only worked 80 hours during the  May 3 pay period but that he was also paid for 1.75 hours from a previous pay period correction. Thus, he did not exceed 80 hours of actual work during one pay period.  The same outcome applies to the July 12 pay period:  Francisco worked only 79.75 hours but was paid for an additional 8.25 hours correction.  These corrections in pay, although totaling more than standard time, cannot be designated as "overtime" merely because the hours on the pay stub add up to more than 80.  For this reason, Francisco 's claim fails under the FLSA and the New Jersey Wage Act.

For the above reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
      Circuit Judge